TAYLOR & WIFE
*vs*
ANDERSON's Ex.

---

CHANCERY.

*Case 135.*

# Taylor and wife *vs* Anderson's Executor.

ERROR TO THE GARRARD CIRCUIT.

*Husband and wife.    Settlement upon the wife.*

*September 23.*

JUDGE SIMPSON delivered the opinion of the Court.

It is the right of the wife exclusively to have a settlement out of her property, and to be enforced at her instance, whether she occupy the attitude of complainant or def't.

THE wife, in equity, is entitled to a settlement out of her property. This, however, is the exclusive right of the wife, recognized and sustained by the Chancellor for her benefit, and usually enforced at her instance, whether she occupies the attitude of complainant or defendant, seeking the aid of the Court for this purpose.

It is competent, however, for the wife to agree that the fund shall be paid over to her husband. The Court will,

It is true, under certain circumstances, require a settlement to be made by the husband, notwithstanding her consent to the contrary: (2 *Story's Equity*, 644.)

In this case the husband and wife have united in a bill seeking the aid of the Court to compel the defendant as executor, to pay over to the husband a legacy in his hands, to which the wife is entitled. The executor alone demands a settlement for the wife out of the estate in his hands. She does not ask it, but is solicitous that it should be decreed to her husband. She married, it is true, in opposition to the wishes of her friends, but her husband is proved to be industrious, frugal and unexceptionable in his habits and moral character. He treats his wife with kindness and affection, and no reason exists why the Court, in opposition to her wishes, should insist upon a settlement, except that the husband has very little property of his own.

As the husband, however, is not involved in debt, as he is industrious and economical in his habits, and careful and prudent in the management of his property, living with his wife in harmony, who confides in him, and joins in his application for the payment of this fund to him, we are of opinion that the Chancellor should not require the fund to be settled upon the wife, but should decree its payment to the husband, adopting the precautionary measure of ascertaining by the examination of the wife in open Court, whether or not she waives a settlement and consents that the money shall be paid over to her husband. And if the wife shall not have attained the age of twenty one, retaining the cause until that time arrives, so that she may be of full age when such examination is made and consent given.

The Court below having appointed the executor trustee, and authorized him to retain the legacy for the use of the wife, and having dismissed the complainants' bill with costs, the decree is reversed and cause remanded for further proceedings and decree as herein indicated.

*G. R. McKee* for plaintiffs; *Bradley* for defendant.

---

Taylor & Wife
vs
Anderson's Ex.

seeking the aid of the Chancellor; but the wife may agree that the fund shall be paid to the husband, tho' there are exceptions to this rule: (See 2 *Story's Eq.* 644.)

When the husband and wife unite in a bill for the wife's property, asking that it be paid to the husband, and it appear that he is industrious, economical, careful and prudent in the management of his property, and living in harmony with the wife, the Chancellor should not require the property to be settled on the wife, but upon the wife being of full age, being examined and consenting in open Court, decree its payment to the husband.